

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

*101 Market Street, 4th Floor*  856-757-5026
*Camden, New Jersey 08101*

JBD/PL AGR
2023R00705

October 4, 2024

Ira Slovin, Esquire
Helmer, Conley and Kasselman, PA
iraslovin@helmerlegal.com

      Re:    <u>Plea Agreement with Dashnay Holmes</u>

Dear Mr. Slovin:

      This letter sets forth the plea agreement between your client, Dashnay Holmes, and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on October 11, 2024, if it is not accepted in writing by that date. If Dashnay Holmes does not accept this plea agreement, her sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

      The government's offer to enter into this plea agreement is subject to authorization by the United States Department of Justice - Tax Division.

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Dashnay Holmes to an Information charging her in Count One with conspiring to defraud the United States, in violation of 18 U.S.C. § 371, and in Count Two with aiding and assisting in the preparation and presentation of false individual income tax returns, in violation of 26 U.S.C. § 7206(2). If Dashnay Holmes enters a guilty plea and is sentenced on these charges and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges in connection with her role in aiding and assisting in the preparation and presentation of false individual income tax returns for tax years 2019 through 2023, or conspiring to do the same. Dashnay Holmes agrees that uncharged or dismissed counts should be taken into account as relevant conduct by the Court at the time of sentencing pursuant to U.S.S.G. § 1B1.2(c) or § 1B1.3(a).

      But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and

initiate any other charges against Dashnay Holmes even if the applicable statute of limitations period for those charges expires after Dashnay Holmes signs this agreement, and Dashnay Holmes agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 371 to which Dashnay Holmes agrees to plead guilty in Count One of the Information carries a statutory maximum prison sentence of 5 years. The violation of 26 U.S.C. § 7206(2) to which Dashnay Holmes agrees to plead guilty in Count Two of the Information carries a statutory maximum prison sentence of 3 years. The prison sentences on Counts One and Two may run consecutively to each other or to any prison sentence Dashnay Holmes is serving or is ordered to serve.

Each Count carries a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Dashnay Holmes is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Dashnay Holmes ultimately will receive.

Further, in addition to imposing any other penalty on Dashnay Holmes, the sentencing judge as part of the sentence:

(1) will order Dashnay Holmes to pay an assessment of $200, $100 per Count, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order Dashnay Holmes to pay restitution pursuant to 18 U.S.C. § 3663 et seq.;

(3) must order Dashnay Holmes to pay the costs of prosecution pursuant to 26 U.S.C. § 7206(2); and

(4) pursuant to 18 U.S.C. § 3583, may require Dashnay Holmes to serve a term of release of not more than 3 years on Count One and not more than 1 year on Count Two, which will begin at the expiration of any term of imprisonment imposed. Should Dashnay Holmes be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Dashnay Holmes may be sentenced to not more than 2 years' imprisonment on Count One and not more than 1 year of imprisonment on Count Two, which could be ordered to be served consecutively, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A and pursuant to 18 U.S.C. § 3663(a)(3), the Defendant agrees to pay restitution to the Internal Revenue Service ("IRS") for the full criminal tax loss resulting from the conspiracy, as follows:

| Tax Year | Restitution |
|---|---|
| 2020 | $ 67,360 |
| 2021 | $3,082,970 |
| 2022 | $ 325,597 |
| 2023 | $ 569,044 |
| **TOTAL** | **$4,044,971** |

The restitution amount shall be paid according to a plan established by the Court. The Court will order the Defendant to pay restitution to the IRS, either directly as part of the sentence or as a condition of supervised release. The IRS will use the restitution order as the basis for a civil assessment. *See* 26 U.S.C. § 6201(a)(4). The Defendant does not have the right to challenge the amount of this assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the Defendant's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Dashnay Holmes by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States

Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Dashnay Holmes's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Dashnay Holmes will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Dashnay Holmes waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

## Immigration Consequences

Dashnay Holmes understands that, if Dashnay Holmes is not a citizen of the United States, Dashnay Holmes's guilty plea to the charged offenses will likely result in Dashnay Holmes being subject to immigration proceedings and removed from the United States by making Dashnay Holmes deportable, excludable, or inadmissible, or ending Dashnay Holmes's naturalization. Dashnay Holmes understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Dashnay Holmes wants and agrees to plead guilty to the charged offenses regardless of any immigration

consequences of this plea, even if this plea will cause Dashnay Holmes's removal from the United States. Dashnay Holmes understands that Dashnay Holmes is bound by this guilty plea regardless of any immigration consequences. Accordingly, Dashnay Holmes waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Dashnay Holmes also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Dashnay Holmes. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against her.

Prior to the date of sentencing, the Defendant shall fully cooperate with the Internal Revenue Service and comply with the tax laws of the United States. Further, the Defendant agrees to allow the contents of her IRS criminal file to be given to civil attorneys and support staff of the Internal Revenue Service to enable them to investigate any and all civil penalties that may be due and owing by the Defendant. With respect to disclosure of the criminal file to the Internal Revenue Service, the Defendant waives any rights under Title 26, United States Code, Section 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to the Defendant's tax returns and return information.

No provision of this agreement shall preclude Dashnay Holmes from pursuing in an appropriate forum, when permitted by law, a claim that she received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the entire plea agreement between Dashnay Holmes and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By:     */s/Jeffrey B. Bender*
Jeffrey B. Bender
Assistant U.S. Attorney
Katelyn Waegener
Special Assistant U.S. Attorney

APPROVED:

Sara A. Aliabadi
Deputy Attorney-in-Charge, Camden

I have received this letter from my attorney, Ira Slovin, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

*[signature]*  Date: 10/10/24
Dashnay Holmes

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

*[signature]*  Date: 10/10/2024
Ira Slovin, Esq.
Counsel for Defendant

## Plea Agreement With Dashnay Holmes
## Schedule A

1. This Office and Dashnay Holmes recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2023 applies in this case.

3. The parties agree that Counts One and Two group under the Sentencing Guidelines. *See* U.S.S.G. § 3D1.2.

4. The applicable guideline is U.S.S.G. § 2X1.1. The Base Offense Level comes from the base offense level from the guideline for the substantive offense, as set forth in the following paragraph, and no specific offense characteristics from U.S.S.G. § 2X1.1(b) apply.

5. The applicable guideline for the substantive offense is U.S.S.G. §§ 2T1.4 and 2T4.1. The parties agree that the tax loss is at least $7,818,327, which is between $3,500,000 and $9,500,000, so the base offense level is 24. U.S.S.G. §§ 2T1.4(a)(1) and 2T4.1(J). The parties further agree that Dashnay Holmes committed the offense as part of a pattern or scheme from which she derived a substantial portion of her income, and that Dashnay Holmes was in the business of preparing or assisting in the preparation of tax returns, so the base offense level increases by 2 levels. U.S.S.G. §§ 2T1.4(b)(1).

6. The aggravating role adjustment of U.S.S.G. § 3B1.1(c) applies because the defendant was an organizer, leader, manager, or supervisor of criminal activity other than that described in U.S.S.G. § 3B1.1(a) or (b). The defendant's aggravating role results in an increase of 2 levels.

7. As of the date of this letter, Dashnay Holmes has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Dashnay Holmes's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

8. As of the date of this letter, Dashnay Holmes has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Dashnay Holmes's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Dashnay Holmes enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Dashnay Holmes's

acceptance of responsibility has continued through the date of sentencing and Dashnay Holmes therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Dashnay Holmes's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9.  Accordingly, the parties agree that the total offense level ("Total Offense Level") applicable to Dashnay Holmes is 25.

10. The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

11. If the term of imprisonment does not exceed 78 months, and except as specified in the next paragraph below, Dashnay Holmes will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 63 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

12. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    (a) Any proceeding to revoke the term of supervised release.

    (b) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    (c) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).